IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAL HEIDELBERG, JR., <br>     Plaintiff <br> <br> v <br> <br> CITY OF ERIE POLICE <br> DEPARTMENT, et al., <br>     Defendants | C.A. No. 14-116 Erie <br> <br> Magistrate Judge Baxter |

## OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter.

### I. INTRODUCTION

#### A. Relevant Procedural History

On April 18, 2014, Plaintiff Cl Heidelberg, Jr., an inmate incarcerated at the Erie County Prison in Erie, Pennsylvania ("ECP"), initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. Named as Defendants are: City of Erie Police Department ("E.P.D."); District Attorney's Office ("DA's Office"); Captain Frank Kwitowski of the E.P.D. ("Kwitowski"); Officer Anthony Attala of the E.P.D. ("Attala"); Officer Popovic of the E.P.D. ("Popovic"); Brandon Bingle (misidentified in the complaint as "Brandon Bangal"), Assistant Erie County District Attorney ("Bingle"); R.E. Williams (originally misidentified in the complaint as "R.Greene"), an officer with the E.P.D. ("Williams")[2]; and OIC Eberlein[3],

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 6, 15, 19].

[2] In his brief in opposition to Defendants' motions [ECF No. 27], Plaintiff admits to having mistakenly identified

identified as a dispatcher at E.P.D. ("Eberlein"). All Defendants other than the DA's Office and Bingle, are hereafter collectively identified as the "E.P.D. Defendants."

In his *pro se* complaint, Plaintiff alleges that the E.P.D. Defendants subjected him to false arrest and, together with Defendant DA's Office and Defendant Bingle, maliciously prosecuted him, in violation of his rights under the fourth and fourteenth amendments to the United States Constitution. As relief for his claims, Plaintiff seeks monetary damages.

On August 12, 2014, the E.P.D. Defendants filed a motion to dismiss [ECF No. 20], arguing that Plaintiff's claims against them should be dismissed in their entirety because they fail to state claims upon which relief may be granted. On August 22, 2014, Defendants D.A.'s Office and Bingle, filed a motion to dismiss [ECF No. 23] arguing, *inter alia*, that Plaintiff has failed to state a claim of municipal liability against Defendant D.A.'s Office upon which relief may be granted, and Plaintiff's claims against Defendant Bingle are barred by absolute prosecutorial immunity. Plaintiff has since filed a brief in opposition to Defendants' motions [ECF Nos. 27]. This matter is now ripe for consideration.

### B.    Relevant Factual History

On the evening of December 13, 2012, Plaintiff picked up an acquaintance from Tops at Liberty Plaza in Erie, Pennsylvania (ECF No. 5, Complaint, at ¶ 1). Before Plaintiff arrived, Defendant Kwitowski encountered the acquaintance and kept watch on him "for reasons

---

Officer R.E. Williams as "R. Greene" in the complaint (Id. at ¶ 25). In addition, it is apparent from Plaintiff's allegations that R.E. Williams is the officer identified in the complaint as "John Doe #2." Thus, Defendant Williams's name will be substituted for "R. Greene" in the caption, and for officer "John Doe #2" in the statement of facts herein.

3
In his opposition brief [ECF No. 27], Plaintiff identifies the unnamed Defendant "John Doe 1" as "OIC Eberlein." Thus, Eberlein's name will be substituted for "John Doe 1" in both the caption and the statement of facts herein.

unknown to Plaintiff." (Id. at ¶ 2). Defendant Kwitowski observed the acquaintance getting into Plaintiff's car and began tailing Plaintiff, while calling dispatch to run Plaintiff's license plate. Defendant Eberlein informed Defendant Kwitowski that "Cal Heidelberg" was the owner of the vehicle and had an outstanding warrant against him. (Id. at ¶¶ 3-4). When Plaintiff reached his destination and parked his vehicle by the curb, Defendant Williams pulled his vehicle into the intersection in front of Plaintiff's vehicle, exited the vehicle, and approached Plaintiff, who was still sitting in his vehicle. (Id. at ¶¶ 7-10). After asking what Plaintiff was doing sitting in his vehicle, the Defendant Williams informed Plaintiff that he had received a call from neighbors describing Plaintiff as the person who was causing a disturbance in the area. (Id. at ¶¶ 10-12). Defendant Williams then asked Plaintiff for his driver's license and told him to "sit tight until he got the situation straightened out." (Id. at ¶ 14).

When Defendant Williams returned to his vehicle, two additional police vehicles arrived at the scene blocking Plaintiff's vehicle. (Id, at ¶ 15). Defendant Attala approached the driver's side of Plaintiff's vehicle from the rear and ordered Plaintiff to exit the vehicle, and then turn and place his hands on top of the vehicle. (Id. at ¶ 17). After Plaintiff complied, Defendant Attala searched Plaintiff's pockets and found a container of crack cocaine. (Id. at ¶ 18). Plaintiff was then arrested and charged with possession of crack cocaine. (Id. at ¶¶ 18/-19). Defendant Popovic signed the affidavit supporting the charges.

At Plaintiff's preliminary hearing in February 2013, the D.A.'s Office amended the charges to include an additional charge of possession with intent to distribute. (Id. at ¶¶ 20-21). According to Plaintiff, Defendant Attala and the other officers knew that Plaintiff was not the

"Cal Heidelberg" against whom an outstanding warrant was pending. At the conclusion of the preliminary hearing, the charges were bound over for court; however, Plaintiff subsequently filed a motion to suppress the evidence that was obtained during the arrest, which was granted by the court. As a result, the criminal charges against Plaintiff were *nolle prossed* by the D.A.'s Office . (ECF No. 20-3, copies of Plaintiff's criminal docket, at p. 7; ECF No. 20-4, Erie County Judge John Garhart's Order entering *nolle prosequi*).

### C. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550

U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If

the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**II.     Discussion**

    **A.     Defendants E.P.D. and D.A's Office**

The E.P.D. Defendants assert that Defendant E.P.D. should be dismissed from this action because Plaintiff's claims against said Defendant are based solely on its status as the employer of Defendants Kwitowski, Attala, Popovic, Williams, and Eberlein. Defendant D.A.'s Office raises a similar challenge to Plaintiff's claims against it, which are liberally construed as claims against Erie County, since the D.A.'s Office does not exist as an entity apart from the municipality for which it serves.

Municipal liability under §1983 requires the plaintiff to prove the existence of a policy or custom that resulted in a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S.

658, 694-95 (1978). Here, Plaintiff has not so much as alleged the existence of a policy or custom on behalf of either Defendant E.P.D. or Defendant D.A.'s Office, which allegedly resulted in a constitutional violation. Furthermore, a policy, custom or practice cannot arise from one incident, i.e., the alleged false arrest and/or malicious prosecution of Plaintiff. See, e.g., Turner v. City of Philadelphia, 22 F.Supp.2d 434, 437 (E.D.Pa. 1998), quoting Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)("Absent unusual circumstances, 'proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.'"). Thus, Plaintiff has failed to state a viable municipal liability claim against either Defendant E.P.D. or Defendant D.A.'s Office, and the claims against both will be dismissed accordingly.

### B. Defendants Kwitowski, Attala, Williams, Eberlein, and Popovic

Plaintiff claims that the individual E.P.D. Defendants are liable for false arrest and/or malicious prosecution because they did not have probable cause to detain him, and then found evidence on his person to support their arrest that was subsequently suppressed by the court under the exclusionary rule. Although Plaintiff's claims in this regard are brought under both the Fourth and Fourteenth Amendments, the Supreme Court has made clear that the right to be free from arrest and prosecution absent probable cause does not sound in substantive due process under the Fourteenth Amendment, but is, rather, grounded in the Fourth Amendment's prohibition against unreasonable search and seizure. Albright v. Oliver, 510 U.S. 266, 273-275 (1994). Thus, Plaintiff's claims must be considered under the Fourth Amendment alone.

In this context, The Third Circuit has held that, while "§ 1983 plaintiffs alleging arrest

and prosecution absent probable cause may bring malicious prosecution claims under the Fourth Amendment, [they] are entitled to relief only if they are innocent of the crime for which they were prosecuted." Washington v. Hanshaw, 552 Fed.Appx. 169, 173 (3d Cir. 2014), citing Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000). Here, the criminal charges brought against Plaintiff were *nolle prossed* due to the suppression of the crack cocaine found on Plaintiff's person after he was detained by Defendants. According to the Third Circuit, "a *nol pros* signifies termination of charges in favor of the accused '*only when their final disposition is such as to indicate the innocence of the accused*'" Donahue v. Gavin, 280 F.3d 371, 383 (3d Cir. 2002), quoting Hilfirty v. Shipman, 91 F.3d 573, 579-80 (3d Cir. 1976) (emphasis in original). Thus, in order to maintain a claim of malicious prosecution, a § 1983 plaintiff "must be innocent of the crime charged in the underlying prosecution." Hector, 235 F.3d at 156. In this case, the *nol pros* entered in Plaintiff's criminal case did not, in any way, indicate that Plaintiff was innocent of the drug possession charges that were brought against him. Rather, the entry of *nolle prosequi* simply resulted from the Commonwealth's decision to no longer proceed with prosecution after the drug evidence was suppressed. Thus, Plaintiff's claim of malicious prosecution will be dismissed against the individual E.P.D. Defendants.

Similarly, with regard to Plaintiff's claims of false arrest and/or illegal search and seizure, the Third Circuit Court has held that damages may not be recovered for such claims if police officers discover evidence of criminal conduct during an unconstitutional search. Hector, 235 F.3d at 157. In particular, the Hector court agreed with the Second Circuit's holding in Townes v. City of New York, 176 F.3d 138, 148 (2d Cir. 1999), that "[v]ictims of unreasonable searches or seizures … cannot be compensated for injuries that result from the discovery of incriminating

evidence and consequent criminal prosecution." 235 F.3d at 157. Such is the case here. Thus, Plaintiff's claims for false arrest and/or illegal search and seizure will also be dismissed against the individual E.P.D. Defendants.

### C. Defendant Bingle

Plaintiff brings a malicious prosecution claim against Defendant Bingle based upon his prosecution and subsequent amendment of the drug charges against Plaintiff, allegedly knowing that Plaintiff's arrest was "illegal." (ECF No. 5, Complaint, at ¶ 26).

A prosecutor engaged in "activities intimately associated with the judicial phase of the criminal process" is absolutely immune from section 1983 money damages. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). Prosecutors engaged in solely administrative or investigative duties are not likewise immune. Rose v. Bartle, 871 F.2d 331, 343 (3d Cir. 1989). Courts confronted with claims challenging a prosecutor's actions must utilize a functional analysis to determine whether or not the prosecutor acted within his or her "judicial capacity" when attempting to apply absolute immunity. Ross v. Morgan, 638 F.2d 646, 648 (3d Cir. 1981). *See also* Rose v. Bartle, 871 F.2d at 343.

Actions that relate to the prosecutor's role as an advocate are "judicial" actions. Mancini v. Lester, 630 F.2d 990, 993 (3d Cir. 1980). For example, prosecutors are absolutely immune from claims for malicious prosecution, for solicitation of perjured testimony, and for conspiracy with state actors while engaged in an advocacy role. *See* Rose; Imbler; Ross. In fact, a prosecutor's duties extend beyond the actual filing of a lawsuit. In Imbler, the Supreme Court noted that "the duties of the prosecutor in his role as an advocate for the state involve actions preliminary to the initiation of a prosecution and action separate from the courtroom." Imbler,

424 U.S. at 431, n. 33. Thus, prosecutors are absolutely immune from liability for filing false charges or initiating a prosecution, Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992), or for deciding not to initiate a prosecution, Isley v. Bucks County, 549 F. Supp. 160, 161 (E.D. Pa. 1982).

Here, Plaintiff's claims against Defendant Bingle are clearly judicial in nature. As a result, Defendant Bingle is immune from liability under the doctrine of absolute prosecutorial immunity and the claims against him will be dismissed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAL HEIDELBERG, JR., )<br>      Plaintiff ) <br>)<br>v )<br>)<br>CITY OF ERIE POLICE )<br>DEPARTMENT, et al., )<br>      Defendants ) | C.A. No. 14-116 Erie<br><br>Magistrate Judge Baxter |

## ORDER

AND NOW, this 27th day of March, 2015,

IT IS HEREBY ORDERED that the motions to dismiss filed by the E.P.D. Defendants [ECF No. 20] and Defendants D.A.'s Office and Bingle [ECF No. 23] are GRANTED, and this case is DISMISSED.

The Clerk is directed to mark this case closed.

                                              /s/ Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              United States Magistrate Judge